**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FAYCAL MANZ,<br><br>        Plaintiff,<br><br>v.<br><br>WALMART SUPERCENTER SECAUCUS #3250,<br><br>        Defendant. | Case No. 2:24-cv-09676 (BRM) (SDA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before the Court is Defendant Walmart, Inc.'s (incorrectly named as "Walmart Supercenter Secaucus #3250") ("Walmart") Motion to Dismiss (ECF No. 19) *pro se* Plaintiff Faycal Manz's ("Plaintiff") Amended Complaint (ECF No. 6) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Walmart's Motion to Dismiss (ECF No. 19) is **GRANTED**, with prejudice, on Plaintiff's federal claim. This Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

**I.    BACKGROUND**

      For the purpose of this motion to dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any

"document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Plaintiff is a German citizen who was visiting the United States during the relevant time period. (Am. Compl. (ECF No. 6) ¶ 2.) On August 29, 2024, Plaintiff visited the Walmart Secaucus Store in New Jersey and attempted to access the store's complimentary Wi-Fi services. (*Id*. ¶¶ 6, 9.) However, Plaintiff was unable to connect to the store's Wi-Fi because he was required to enter a U.S. mobile number.[1] (*Id*. ¶ 6.) Plaintiff's Amended Complaint contends Walmart violated the Civil Rights Act of 1964, "which prohibits discrimination on the basis of national origin," because Walmart's Wi-Fi policy requiring a U.S. mobile number "effectively segregates and excludes international visitors from essential services." (*Id*. ¶¶ 7, 11.) Plaintiff additionally brings claims for: (1) unfair trade practices, due to Walmart's "lack of transparency and failure to adequately inform customers of the requirement for a U.S. mobile number to access Wi-Fi services" (*id*. ¶¶ 8, 12); (2) breach of contract because Walmart "breached an implied contract with the Plaintiff, who, as a paying customer,[2] reasonably expected to receive the same services as local customers." (*id*. ¶¶ 9, 13); (3) breach of duty of care because Walmart "fail[ed] to provide a safe, non-discriminatory environment that offers equal access to services provided to all customers" (*id*. ¶ 15); and (4) negligent infliction of emotional distress because Plaintiff had past experiences with discrimination, which were exacerbated by Walmart's policy requiring a U.S. mobile number, and

---

[1] Although not explicitly stated by Plaintiff in his Amended Complaint or his Second Amended Complaint, this Court presumes that Plaintiff was unable to access Walmart Secaucus Store's Wi-Fi services because Plaintiff did not possess a U.S. mobile number. (*See generally* ECF Nos. 6, 13.)

[2] Plaintiff asserts he was a "paying customer," but alleges no additional facts regarding his purchase(s) at Walmart Secaucus Store.

because of "critical personal circumstances he was facing at the time, including needing to communicate with his wife who was undergoing medical treatment" (*id*. ¶¶ 10, 14).

Plaintiff filed his initial Complaint in the District of New Jersey on October 8, 2024, alleging violations of the Civil Rights Act of 1964 and related claims. (Compl. (ECF No. 1).) On October 11, 2024, Plaintiff amended his Complaint as a matter of right to include claims of discrimination based on national origin, unfair trade practices, breach of implied contract, breach of the duty of care, and negligent infliction of emotional distress. (ECF No. 6.) Plaintiff filed supplemental exhibits to his Amended Complaint on October 18, 2024. (ECF No. 7.) Plaintiff filed a Second Amended Complaint on November 1, 2024, without leave of court. (Sec. Am. Compl. (ECF No. 13).) Plaintiff filed supplemental exhibits to his Second Amended Complaint on November 3, 2024. (ECF No. 14.)

On December 10, 2024, Walmart filed its Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 19.) Plaintiff filed a timely Opposition on December 17, 2024. (ECF No. 20.) Plaintiff filed a second opposition on December 26, 2024. (ECF No. 21.) Walmart filed its Reply on December 30, 2024.[3] (ECF No. 22.) Plaintiff then filed a memorandum of law in opposition to Walmart's Motion to Dismiss on January 1, 2025 (ECF No. 23), a memorandum of law to Walmart's reply brief in further support of its Motion to Dismiss on January 2, 2025 (ECF No. 25), and an answer as opposition to Walmart's reply brief in support of its Motion to Dismiss

---

[3] In its Reply, Walmart notes it based its Reply brief off of Plaintiff's timely Opposition (ECF No. 20) and not Plaintiff's second opposition (ECF No. 21), which Walmart contends "contained new, substantive arguments" (ECF No. 22 at p. 4, n.1). Walmart asserts this Court should not consider Plaintiff's second opposition both because it was untimely and because "it would prejudice [Walmart] to be required to respond to Plaintiff's untimely arguments after Defendant already began preparing its Reply, especially during the holiday season." (ECF No. 22 at 4 n.1.) Because of Plaintiff's *pro se* status, and because consideration of Plaintiff's second opposition (ECF No. 21) does not change the Court's determination, the Court considers Plaintiff's second opposition.

on January 3, 2025 (ECF No. 24). Also on January 3, 2025, Walmart filed a letter objecting to Plaintiff's "two untimely oppositions,"[4] and asking the Court to disregard Plaintiff's two "improperly filed" sur-replies[5] because Plaintiff failed "to seek leave of the Court to file a sur-reply pursuant to [] L. Civ. R. 7.1(d)(6)." (ECF No. 26.) Plaintiff additionally filed a letter on January 3, 2025, advising that his memorandum of law in opposition to Walmart's motion to dismiss (ECF No. 23) had been incorrectly filed (ECF No. 27).[6]

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

---

[4] Referring to Plaintiff's submissions at ECF No. 21 and ECF No. 23. (ECF No. 26.)

[5] Referring to Plaintiff's submissions at ECF No. 24 and ECF No. 25. (ECF No. 26.)

[6] Plaintiff provides no justification for filing multiple opposition briefs, for filing one opposition brief after the deadline, or for filing two additional submissions, which are essentially sur-replies, without leave of court. Plaintiff did not seek permission before filing what the Court construes as two sur-replies, therefore the Court could exercise its discretion to deny consideration of Plaintiff's sur-replies because he not only failed to seek leave to file the sur-replies but because the sur-replies also improperly raise new arguments. *See Robbins v. Playhouse Lounge*, Civ. A. No. 19-8387, 2021 WL 2525709 (D.N.J. June 21, 2021) (denying motion to file sur-reply because plaintiff "failed to put forth any persuasive reason for why she should be permitted to file a sur-reply simply because she wishes another opportunity to respond to Defendant's arguments"); *Smithkline Beecham PLC v. Teva Pharms. USA, Inc.*, Civ. A. No. 04-215, 2007 WL 1827208, at *2 (D.N.J. June 22, 2007) ("[N]ew arguments cannot be raised by the non-movant in a sur-reply because the moving party does not have an opportunity to respond to newly minted arguments raised in a sur-reply."). However, because of Plaintiff's *pro se* status and because the arguments raised in the extra briefs (ECF Nos. 21, 23, 24, 25) do not change the ruling, this Court considers them.

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id*. (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id*. (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

5

'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after Iqbal, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id*. at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting Shaw, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

Given Plaintiff is proceeding *pro se*, the Court attempts to glean his factual allegations and legal claims through liberal construction of his pleading, including consideration of the improperly filed Second Amended Complaint. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) ("When considering a motion to dismiss the complaint of a *pro se* litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings

6

drafted by lawyers."); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making.").

## III. DECISION

### A. Plaintiff's Second Amended Complaint

First, Walmart asserts this Court should decline to consider Plaintiff's Second Amended Complaint because "Plaintiff failed to seek leave from the Court or Defense counsel's consent prior to filing his Second Amended Complaint . . . in violation of Rule 15." (ECF No. 19 at 5–6.) Plaintiff responds that his Second Amended Complaint is entitled to consideration because Fed. R. Civ. P. 15 requires the court to "freely give leave [to amend] when justice so requires." (ECF No. 21 p. 2 (alteration in original) (quoting Fed. R. Civ. P. 15(a)(2); *see also* ECF No. 23 at 2.)

A party may amend its pleading once, without leave of court, so long as it is filed within 21 days of service or within 21 days after a motion to dismiss pursuant to Rule 12(b). Fed. R. Civ. P. 15(a)(1). While Plaintiff is correct that Fed. R. Civ. P. 15 encourages courts to "freely give leave when justice so requires," *pro se* litigants, like Plaintiff here, "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Plaintiff filed his initial Complaint on October 8, 2024 (ECF No. 1), and he filed an Amended Complaint as a matter of right on October 11, 2024 (ECF No. 6). Thereafter, on November 1, 2024, Plaintiff, without seeking leave of court or Walmart's consent to amend his Amended Complaint, filed a Second Amended Complaint alleging new claims. (ECF No. 13.) In addition to neither seeking leave of court nor consent from his adversary, Plaintiff filed his Second Amended Complaint after the deadline provided for in Fed. R. Civ. P. 15(a)(1).

7

However, this court does not dismiss Plaintiff's Amended Complaint and Second Amended Complaint exclusively for these procedural deficiencies. As discussed more fully below, the Court dismisses Plaintiff's action, with prejudice and without leave to amend, because any further amendment, including acceptance of the Second Amended Complaint, would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–13 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend under Rule 15(a) when amendment is inequitable or futile."). Consequently, for purposes of addressing Walmart's Motion, the Court considers Plaintiff's Amended Complaint (ECF No. 6) and Second Amended Complaint (ECF No. 13).

### B. Plaintiff's Claim under the Civil Rights Act of 1964

Walmart argues Plaintiff's claim under the Civil Rights Act of 1964 should be dismissed for the following reasons: (1) Plaintiff failed to provide written notice to a state or local agency prior to filing suit, in violation of 42 U.S.C. § 2000a-3(c); (2) the Walmart Secaucus Store is not a place of public accommodation; (3) Plaintiff's Amended Complaint seeks monetary damages which are not available under Title II of the Civil Rights Act of 1964; and (4) Plaintiff's factual allegations do not amount to discrimination based on his national origin. (ECF No. 19 at 6–11.) Plaintiff responds the Court should broadly interpret the definition of "public accommodations," (ECF No. 20 at 3–4; ECF No. 21 at 4–5; ECF No. 23 at 4–5; ECF No. 24 at 1–2); Plaintiff is pursuing monetary damages under the New Jersey Consumer Fraud Act, which "provide[s] for compensatory and punitive damages in instances of deceptive practices and breach of contract (ECF No. 21 at 5–6; ECF No. 23 at 5–6; ECF No. 25 at 8); and Plaintiff has sufficiently alleged discrimination based on national origin because "Plaintiff alleges direct harm from Defendant's policy that requires a U.S. mobile number for WiFi access, a requirement that does not apply

equally to all customers" (ECF No. 20 at 4–5; ECF No. 21 at 5; ECF No. 23 at 5; ECF No. 24 at 1, 3–4.) For the reasons discussed herein, the Court grants Walmart's Motion to Dismiss Plaintiff's claim under the Civil Rights Act of 1964 and dismisses Count I of Plaintiff's Amended Complaint with prejudice.

Plaintiff relies on Title II of the Civil Rights Act of 1964,[7] which prohibits discrimination by places of public accommodation. 42 U.S.C. § 2000a. It provides that: "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." *Id*.; *Heart of Atl. Motel, Inc. v. United States*, 379 U.S. 241, 245 (1964). A Title II claim requires a plaintiff to demonstrate he:

> (1) is a member of a protected class; (2) attempted to contract for services and afford *himself* the full benefits and enjoyment of a public accommodation; (3) was denied the full benefits or enjoyment of a public accommodation; and (4) such services were available to similarly situated persons outside [his] protected class who received the full benefits or were treated better.

*Anderson v. J.P. Morgan Chase Bank*, Civ. A. No. 22-5084, 2024 WL 1363468, at *4 (E.D. Pa. Mar. 29, 2024) (citing *Shumate v. Twin Tier Hosp., LLC*, 655 F. Supp. 2d 521 (M.D. Pa. 2009)). The only remedy available for a civil action under Title II is preventative relief such as an injunction or restraining order. *See Livingstone v. Hugo Boss Store, Atl. City, NJ*, Civ. A. No. 21-1971, 2021 WL 3910149, at *5 (D.N.J. Sept. 1, 2021) (citing *Three Rivers Ctr. for Indep. Living v. Hous. Auth. of City of Pittsburgh*, 382 F.3d 412, 420 (3d Cir. 2004)). Before bringing a Title II claim, a plaintiff must first notify a state or local government entity authorized to grant relief from the alleged discrimination or to institute criminal proceedings. 42 U.S.C. § 2000a-3(c). "No civil

---

[7] Plaintiff clarifies in his Second Amended Complaint that he is seeking relief under Title II of the Civil Rights Act of 1964. (ECF No. 13 ¶ 17.)

action may be brought under Title II before thirty days after written notice of the matter to the appropriate state or local entity." *Livingstone*, 2021 WL 3910149, at *5 (citing 42 U.S.C. § 2000a-3(c)). "Compliance with Section 2000a-3(c) is a mandatory jurisdictional prerequisite and a Title II plaintiff must demonstrate that he or she has satisfied the notice requirement before a federal court has subject matter jurisdiction to hear the plaintiff's claim." *Waiters v. Republic Bank*, No. 24-5728, 2024 WL 1928331, at *2 (D.N.J. May 2, 2024) (cleaned up).

As an initial matter, this Court is without jurisdiction to consider Plaintiff's Title II claim, as Plaintiff has not pleaded compliance with Title II's thirty-day state notice requirement.[8] 42 U.S.C. § 2000a-3(c). Section 2000a-3(c)'s notice requirement applies here because Plaintiff alleges Title II discrimination in New Jersey, "a state which has an established government entity to address claims of discrimination." *Waiters*, 2024 WL 1928331, at *3 (citing *Livingstone*, 2021 WL 3910149, at *6). Without providing such notice, the Court is without jurisdiction to consider Plaintiff's claim.

Even if Plaintiff had abided with the notice requirements of 42 U.S.C. § 2000a-3(c), it is worth noting that Plaintiff's claim is without merit and must be dismissed. First, Section 2000a plainly requires that a Title II plaintiff must be a member of a protected class, and there are no such allegations here. The Amended Complaint alleges discrimination based on Plaintiff's lack of U.S. mobile number—nowhere in the Amended Complaint does Plaintiff allege he is discriminated against based on Plaintiff's protected characteristics. 42 U.S.C. § 2000a(a) (listing "race, color, religion, or national origin" as protected classes under the statute). Despite his German citizenship, Plaintiff could have obtained a U.S. mobile number to access Walmart's Wi-Fi services at any time.

---

[8] Plaintiff's Second Amended Complaint does not plead that he complied with 42 U.S.C. § 2000a-3(c)'s notice requirement either. (*See* ECF No. 13.)

Moreover, presumably there are U.S. citizens who also cannot access Walmart's Wi-Fi services due to lack of a U.S. mobile number.

Second, a place of "public accommodation" under Title II is limited to any establishment either affecting interstate commerce or supported by state action and falls into one of the following categories:

> (1) lodging for transient guests located within a building with more than five rooms for rent; (2) a facility principally engaged in selling food for consumption on the premises, including such facilities located within retail establishments and gasoline stations; (3) any place of exhibition or entertainment; (4) any establishment located within an establishment falling into one of the first three categories, and which holds itself out as serving patrons of that establishment; or (5) any establishment that contains a covered establishment, and which holds itself out as serving patrons of that covered establishment.

*Akyar v. TD Bank US Holding Co.*, Civ. A. No. 18-379, 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018); *see also* 42 U.S.C. § 2000a(b). "Title II's list of covered establishments is comprehensive and 'excludes from its coverage those categories of establishments not listed.'" *Waiters*, 2024 WL 1928331, at *3 (quoting *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) ("Congress has clearly delineated those entities that fall within Title II's ambit, and [courts] are not at liberty to go beyond what it has plainly enacted.")). Retail stores are not among the enumerated establishments that qualify as public accommodations under Title II. *See McCrea v. Saks, Inc.*, Civ. A. No. 00-1936, 2000 WL 1912726, at *2 (E.D. Pa. Dec. 22, 2000) (holding that retail stores are not a place of "public accommodation" within the meaning of 42 U.S.C. § 2000a); *see Jones v. Wal-Mart Stores E. I, LP*, Civ. A. No. , 2020 WL 587706, at *5 (E.D. Mo. Feb. 6, 2020) (granting Walmart's motion for partial summary judgment and dismissing plaintiff's 42 U.S.C. § 2000a claims because Walmart was not a place of public accommodation); *Escoffier v. Whole Foods Mkt. Grp., Inc.*, Civ. A. No. 22-6588, 2024 WL 3012480, at *5 (S.D.N.Y.

June 13, 2024) ("But 'place of public accommodation' is defined to include a 'facility principally engaged in selling food for consumption on the premises,' § 2000a(b)(2), and courts have consistently held that grocery stores don't count."), *appeal filed*, No. 24-1790 (2d Cir. July 3, 2024); *Davis v. Food Lion, LLC*, Civ. A. No. 23-147, 2024 WL 3653063, at *4 ("Title II does not expressly identify a grocery store as a place of public accommodation." (collecting cases)). Therefore, Plaintiff cannot show that he was denied full benefits or enjoyment of a public accommodation because Walmart is not a place of public accommodation under Title II.[9]

Dismissal of Plaintiff's Title II claim (Count I) is with prejudice. Amendment of Plaintiff's claim would be futile because: (1) this Court lacks jurisdiction; (2) Plaintiff fails to allege he was discriminated on the basis of a protected category; and (3) retail stores are not places of public accommodation under Title II. *See Waiters*, 2024 WL 1928331, at *4 (dismissing *pro se* Title II count with prejudice where further amendment would be futile); *see also Scott*, 2022 WL 17547279, at *3 (same).

---

[9] In addition, Plaintiff's Title II claim is dismissed because the Amended Complaint only seeks compensatory damages in the amount of $10,000,000. (ECF No. 6 at 5.) However, a Title II plaintiff cannot seek monetary damages under Title II other than for attorney's fees because "[t]he exclusive means of redress under Title II is non-monetary injunctive relief." *Waiters*, 2024 WL 1928331, at *3 (citing *Scott v. Police & Fire Fed. Credit Union*, Civ. A. No. 22-988, 2022 WL 17547279, at *3 (D.N.J. Dec. 9, 2022) ("Dismissal of Plaintiff's Complaint is warranted because it asserts a theory of recovery that is not just implausible, but indeed impossible under Title II.")). While Plaintiff addresses this procedural deficiency in his improperly filed Second Amended Complaint, stating he "seeks a declaratory judgment that Walmart's practices are discriminatory and an injunction preventing Walmart from continuing to implement this discriminatory practice," (ECF No. 13 at 6), Plaintiff again improperly "seeks compensatory damages for the humiliation, mental anguish, and emotional distress suffered due to this discrimination" (*Id*. at 6–7). Even if the Court were to consider the Second Amended Complaint's prayer for injunctive relief, Plaintiff still fails to sufficiently state a claim and fails to establish this Court's jurisdiction over Plaintiff's claims.

### C. Supplemental Jurisdiction

As to Plaintiff's claims for unfair trade practices (Count II), breach of contract (Count III), negligent infliction of emotional distress (Count IV), and breach of duty of care (Count V), this Court declines to exercise supplemental jurisdiction over these state law claims.[10] Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Del. Cnty. Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons*, 983 F.2d at 1284–85. Here, because Plaintiff's unfair trade practices, breach of contract, negligent infliction of emotional distress, and breach of duty of care are based purely on state law, they are not claims over which the Court has original jurisdiction. Therefore, at this early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Walmart.

---

[10] Plaintiff's Second Amended Complaint brings the same state law claims against Walmart: unfair trade practices under the New Jersey Consumer Fraud Act (Count II), breach of contract (Count III), Negligent Infliction of Emotional Distress (Count IV), breach of duty of care (Count V), violation of consumer protection laws under N.J.S.A. 56:8-2 (Count VI), intentional infliction of emotional distress (Count VII), and breach of the covenant of good faith and fair dealing (Count VIII). (*See generally* ECF No. 13.)

## IV. CONCLUSION

For the reasons set forth above, and for good cause having been shown, Walmart's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 19) is **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITH PREJUDICE**. Pursuant to 28 U.S.C. § 1367(c), this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Walmart. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2025